UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

JERREN JONES,

    Plaintiff,

    v.

MARK HELMS,

    Defendant.

Case No. 4:24-CV-22-GSL-APR

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment [DE 43] filed on June 13, 2025, and on Defendant's Motion for Summary Judgment on Preliminary Issue [DE 44] filed on June 20, 2025. For the reasons below, both motions are denied.

## PROCEDURAL BACKGROUND

This case began when Plaintiff Jerren Jones, *pro se*, filed a complaint against the White County Jail in the Southern District of Indiana on December 14, 2023. The case was transferred to the Northern District of Indiana on March 11, 2024, where it was assigned to Judge Jon DeGuilio. On May 17, 2024, Plaintiff filed an amended complaint against the jail, Mark Helms, and four other defendants. After being ordered to file a single amended complaint asserting only related claims, Plaintiff filed the operative amended complaint, against Defendant Mark Helms only, on September 5, 2024. On January 23, 2025, the case was transferred to the undersigned. Defendant Helms filed his answer on February 11, 2025.

On April 14, 2025, Defendant sought leave to file an amended answer to assert the affirmative defenses that Plaintiff failed to timely serve Defendant, that Plaintiff's claims are barred for insufficient process, and that Plaintiff's claims are barred for insufficient service of

process. While that motion was pending before the Court, the instant motions for summary judgment were filed. Thereafter, Magistrate Judge Andrew Rodovich denied the motion to amend the answer, finding that Plaintiff was not at fault for the delay in the issuance of his summons. *See* Order, ECF No. 49.

Responses to the motions for summary judgment were filed on July 14, 2025, and July 18, 2025. No replies were filed. The motions for summary judgment are now ready for the Court's adjudication.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of" the evidence that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To survive a properly supported motion for summary judgment, "the nonmoving party must present evidence sufficient to establish a triable issue of fact on all elements of its case." *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 969 (7th Cir. 2020).

In deciding a motion for summary judgment, a court may "not weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the facts is most likely to be true." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021). Instead, a court's only task is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* (internal citation omitted). If there is no genuine dispute of material fact, then summary judgment is appropriate, and the movant is entitled to judgment as a matter of law. *Id.*

## MATERIAL FACTS

Plaintiff Jerren Jones was the subject of a traffic stop on July 19, 2022. Dispatch had received a report from a 911 caller that a semi was driving slowly and weaving on the roadway. Before the stop, Wolcott Town Marshal Jared Baer himself observed the semi travelling at inconsistent and low speeds and drifting in the lane and going left of center. After Baer activated his emergency lights, Jones, who was driving the semi, did not pull over. Even after Baer used his vehicle's air horn and siren and pulled alongside the semi and motioned for Jones to pull over, Jones did not pull over but motioned for Baer to go around the semi. Jones eventually stopped the semi, and Baer administered field sobriety tests. Jones was arrested for Resisting Law Enforcement with a Vehicle and Operating a Vehicle While Intoxicated, and was transported to the White County Jail. Jones believes that the stop was racially motivated. Jones swears in his affidavit that Helms actively participated in the arrest and processing of Jones. Helms affirms in his declaration that he responded to the scene after Baer had begun the traffic stop but did not arrest Jones, as it was Baer who arrested Jones. Helms also affirms that Baer, and not Helms, transported Jones to the White County Jail.

## ANALYSIS

### A. Plaintiff's Motion for Summary Judgment

Plaintiff argues that the Court should grant summary judgment in his favor because he has established violations of his constitutional rights. For Plaintiff, as the moving party here, to prevail, he must show both "that there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff bears the burden of proof on the constitutional deprivations on which he builds his § 1983 claims, *see McAllister v. Price*, 615 F.3d

877, 881 (7th Cir. 2010), so he cannot show himself to be entitled to judgment as a matter of law on any claim unless he provides evidence supporting each element of his claim.

Plaintiff lists three claims that he asserts are established by undisputed facts: (1) false arrest and imprisonment in violation of 42 U.S.C. § 1983, (2) conspiracy in violation of 42 U.S.C. § 1983, and (3) "discrimination claims."

Here, there is an evidentiary conflict regarding whether Defendant arrested Plaintiff. In competing affidavits, Defendant says he did not arrest Plaintiff, and Plaintiff says Defendant did. Additionally, Defendant has presented evidence of Plaintiff's erratic driving and refusal to pull over for Marshal Baer, which is evidence of probable cause. Because a reasonable jury could find that Defendant did not arrest Plaintiff or that there was probable cause for the arrest and detention, summary judgment to Plaintiff on the theory of a racially-motivated arrest is improper.

Next, Plaintiff has not presented any evidence in support of his conspiracy or discrimination claims. He disputes matters presented in Defendant's statement of facts, but he cites no evidence to back his position. Plaintiff has attached an affidavit to his response to Defendant's motion for summary judgment, but his legal conclusions contained in that document, such as "I was placed under arrest without probable cause" and "I was subjected to unlawful search and seizure, false imprisonment, and discriminatory treatment based on my race" are improper and will be disregarded by the Court. *See Renee v. Neal*, 483 F. Supp. 3d 606, 611 (N.D. Ind. 2020) (citing *Greene v. Westfield Ins.*, 963 F.3d 619, 627 (7th Cir. 2020); *Pfeil v. Rogers*, 757 F.2d 850, 862 (7th Cir. 1985)). Plaintiff has not shown that he is entitled to judgment as a matter of law on these matters. The Court denies Plaintiff's motion.

### B. Defendant's Motion for Summary Judgment

Defendant asserts that it is entitled to judgment as a matter of law because Plaintiff failed to perfect service of process on him within the time provided by Federal Rule of Civil Procedure 4(m).

The Court first notes that the remedy for failing to make timely service on a defendant is dismissal without prejudice, not summary judgment. *See* Fed. R. Civ. P. 4(m). Second, failure to serve a defendant within 90 days of the complaint's filing is excused if a plaintiff shows good cause for the failure. *Id.* Here, the law of the case, as found in Judge Rodovich's June 24, 2025 Order (which was decided after Defendant's motion was filed), is that "Plaintiff satisfied his obligations" and "is not at fault for the delay" in serving Defendant. By neither asking for review of Judge Rodovich's decision nor filing a reply in support of his motion, it appears that Defendant acknowledges that dismissal for failure to timely serve Defendant is not appropriate here. The Court denies this motion.

### CONCLUSION

Based on the above, the Court hereby **DENIES** Plaintiff's Motion for Summary Judgment [DE 43] and **DENIES** Defendant's Motion for Summary Judgment on Preliminary Issue [DE 44].

SO ORDERED.

ENTERED: September 25, 2025

/s/GRETCHEN S. LUND
Judge
United States District Court